UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOPHIA QUILL,

                    Petitioner,

                                        CASE NO. 2:23-CV-11724
v.                                      HON. GEORGE CARAM STEEH

RAPHAEL WASHINGTON,

                    Respondent.
_____/

## OPINION AND ORDER DISMISSING THE HABEAS PETITION, SEVERING AND DISMISSING ANY CIVIL RIGHTS CLAIMS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

## I.     Introduction

Sophia Quill ("petitioner"), a pre-trial detainee confined at the Wayne County Jail in Detroit, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] challenging her pending state criminal proceedings and current confinement at the jail.   The petitioner is charged with conducting a criminal enterprise and eight counts of false pretenses in the Wayne County Circuit Court.   See Register of

---

[1]The Rules Governing Section 2254 Cases, including the screening requirement of Rule 4, apply to § 2241 petitions.   See Rule 1(b) of the Rules Governing Section 2254 Cases.

Actions, Wayne Co. Cir. Ct. Case No. 21-0033797-01-FH (online docket accessed on July 20, 2023).    In her pleadings, the petitioner raises claims concerning her right to a speedy trial (referencing, in part, a 2017 case), double jeopardy (due to charges in Georgia), her extradition to Michigan (referencing the Interstate Agreement on Detainers Act ("IADA"), and the conditions of confinement at the jail (namely her dietary needs and cancer treatment).    ECF No. 1, PageID.6-8.    She requests dismissal of her pending criminal charges, immediate release and return to Florida, or alternatively, pretrial release and legal counsel.    Id. at PageID.8.

For the reasons stated herein, the court dismisses without prejudice the habeas petition, severs and dismisses without prejudice any civil rights claims, denies a certificate of appealability ("COA"), and denies leave to proceed in forma pauperis on appeal.

## II.    Discussion

### A.    Habeas Claims

Rule 4 of the Rules Governing § 2254 Cases requires the court to conduct a preliminarily review of a federal habeas case and determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." If, after initial consideration, the court determines that the petitioner is not

entitled to relief, the court must summarily dismiss the petition.   See Rule

4, Rules Governing § 2254 Cases; Allen v. Perini, 424 F.2d 134, 141 (6th

Cir. 1970) (district court has the duty to "screen out" petitions that lack merit

on their face).   Cases subject to dismissal under Rule 4 include those that

raise legally frivolous claims, as well as those containing factual allegations

that are palpably incredible or false.   McFarland v. Scott, 512 U.S. 849,

856 (1994); Carson v. Burke, 178 F.3d 434, 436-437 (6th Cir. 1999).

A state pretrial detainee may bring a habeas action in federal court

pursuant to 28 U.S.C. § 2241 to demand enforcement of his or her speedy

trial rights or to raise double jeopardy issues but may not generally seek

habeas relief to forestall state prosecution altogether.   Braden v. 30th

Judicial Cir. Ct. of Ky., 410 U.S. 484, 489-491 (1973); Christian v.

Wellington, 739 F.3d 294, 298 (6th Cir. 2014).   In Younger v. Harris, 401

U.S. 37 (1971), the United States Supreme Court held that, absent

extraordinary circumstances, a federal court may not enjoin pending state

criminal prosecutions.   The rule is "designed to permit state courts to try

state cases free from interference by federal courts, particularly where the

party to the federal case may fully litigate his claim before the state court."

Zalman v. Armstrong, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations

omitted); see also Doe v. University of Ky., 860 F.3d 365, 368 (6th Cir.

2017) (citing Younger, 401 U.S. at 44, and stating that "Younger abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity").

Thus, while 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner.   Christian, 739 F.3d at 298; Atkins v. People of the State of Mich., 644 F.2d 543, 546 (6th Cir. 1981).   A federal court must abstain from enjoining a state criminal proceeding if: (1) the state proceeding is ongoing; (2) an important state interest is implicated; and (3) the petitioner has an adequate opportunity in the state proceeding to raise constitutional challenges.   Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Hill v. Snyder, 878 F.3d 193, 206 (6th Cir. 2017); Fieger v. Thomas, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support Younger abstention are present here. First, there is an ongoing state criminal prosecution in the Wayne County Circuit Court.   See Nimer v. Litchfield Twp. Bd. of Trustees, 707 F.3d 699,

701 (6th Cir. 2013).   The trial court has arraigned the petitioner, conducted preliminary proceedings, and scheduled/held a competency hearing.   <u>See</u> Register of Actions, <u>supra</u>.   Second, state criminal proceedings involve important state interests.   <u>Cooper v. Parrish</u>, 203 F.3d 937, 954 (6th Cir. 2000); <u>see also</u> <u>Younger</u>, 401 U.S. at 50.   Third, the state court proceedings provide an adequate opportunity for the petitioner to raise federal constitutional challenges.   <u>See</u> <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 16 (1987) ("[W]hen a litigant has not attempted to present his [or her] federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); <u>Kelm v. Hyatt</u>, 44 F.3d 415, 421 (6th Cir. 1995). If the petitioner raises her claims before the state trial court and the court denies relief or refuses to consider them, she may pursue an appeal, mandamus, and/or collateral review in the state courts as provided by Michigan law.

Abstention is thus appropriate unless of one of the three exceptions to the <u>Younger</u> abstention doctrine applies.   Those exceptions are:   (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 611 (1975), (2) "the challenged statute is flagrantly and patently violative of express

constitutional prohibitions," <u>Moore v. Sims</u>, 442 U.S. 415, 424 (1979) (quoting <u>Huffman</u>, 420 U.S. at 611), or (3) there is "an extraordinarily pressing need for immediate federal equitable relief."   <u>Kugler v. Helfant</u>, 421 U.S. 117, 125 (1975).   These exceptions are interpreted narrowly. <u>Zalman</u>, 802 F.2d at 205.

In this case, the petitioner raises speedy trial and double jeopardy claims, as well as an extradition claim under the IADA, in her habeas petition.   While such claims may provide a basis to warrant federal court intervention in an ongoing state criminal prosecution, the habeas petition is nonetheless subject to dismissal on exhaustion grounds.

Although not statutorily mandated, federal courts require that a petitioner seeking habeas relief under 28 U.S.C. § 2241 fully exhaust state court remedies before proceeding in federal court.   <u>Braden</u>, 410 U.S. at 489-490; <u>Atkins</u>, 644 F.2d at 546; <u>see also</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 518-519 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."); <u>Phillips v. Court of Common Pleas</u>, 668 F.3d 804, 811 n. 4, 812 (6th Cir. 2012).

Exhaustion is required for speedy trial claims, <u>see</u> <u>Patton v. Bonner</u>,

No. 20-5531, 2021 WL 2026933, *2 (6th Cir 2021) (citing <u>Klein v. Leis</u>, 548 F.3d 425, 430 n. 2 (6th Cir. 2008), and denying a COA on unexhausted speedy trial claim), double jeopardy claims, <u>see</u> <u>Winburn v Nagy</u>, 956 F.3d 909, 913 (6th Cir. 2020) (citing <u>Klein</u> and denying a COA on unexhausted double jeopardy claim); <u>Delk v. Atkinson</u>, 665 F.2d 90, 93 (6th Cir. 1981), as well as extradition claims under the IADA.   See <u>Norton v. Parke</u>, 892 F.2d 476, 479-480 (6th Cir. 1989) (prisoners must pursue remedies under the IADA in state court before seeking federal habeas relief).

To satisfy the exhaustion requirement, a prisoner must give the state courts "one full fair opportunity" to resolve any constitutional issues and invoke "one complete round of the State's established appellate review process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999).   Absent certain circumstances excusing the exhaustion requirement, a habeas petition containing unexhausted claims must be dismissed.   <u>Granberry v. Greer</u>, 481 U.S. 129, 134 (1987); <u>Alley v. Bell</u>, 307 F.3d 380, 385 (6th Cir. 2002).   The burden is on the petitioner to prove exhaustion.   <u>Rust v. Zent</u>, 17 F.3d 155, 160 (6th Cir. 1994).

In this case, the petitioner fails to show that she has exhausted available remedies in the Michigan state courts before seeking federal habeas review.   While she alleges that she has filed motions in various

courts, she fails to show that she has filed appropriate motions in the

Michigan trial court and/or appellate courts to fully exhaust her remedies as

to her speedy trial, double jeopardy, and extradition claims.   The court's

review of online state court records reveals no such filings.   Additionally, to

the extent that the petitioner alleges that the trial court has refused to file or

consider her motions, she may seek mandamus relief in the Michigan

appellate courts.[2]   Because the petitioner has not fully exhausted state

court remedies, her habeas claims are premature and must be dismissed.

### B.   Civil Rights Claims

The petitioner also challenges the conditions of her confinement at

the Wayne County Jail in her pleadings.   A habeas petition is the

appropriate vehicle for challenging the fact or duration of confinement,

Preiser v. Rodriguez, 411 U.S. 475, 486-487 (1973), but is generally not

available for complaining about the conditions of confinement.   A petition

under § 2241 can be used to challenge "alleged unconstitutional conditions

of ... confinement [which] can be remedied only by release[.]"   Wilson v.

Williams, 961 F.3d 829, 837 (6th Cir. 2020).   Claims concerning the

conditions of confinement which can be remedied by improved prison

---

[2]The court notes that the petitioner is represented by legal counsel in her pending Michigan criminal case.   See Register of Actions, supra.

conditions are not cognizable in a habeas action under 28 U.S.C. §§ 2241 or 2254.   See Luedtke v. Berkebile, 704 F.3d 465, 466 (6th Cir. 2013) (citing Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004)).   Rather, such claims by state prisoners are more properly brought in a civil rights action under 42 U.S.C. § 1983.   See Preiser, 411 U.S. at 484; see also Nelson v. Campbell, 541 U.S. 637, 643 (2004); Luedtke, 704 F.3d at 466 (dismissing § 2241 claim without prejudice to the filing of a civil rights action).

The petitioner's allegations about her dietary needs and cancer treatment involve circumstances which can be remedied by improved jail conditions and accommodations.   Consequently, she fails to state a claim upon which habeas relief may be granted under § 2241 as to such matters. If the petitioner wishes to pursue those claims, she must bring them in a properly filed civil rights action.   The requirements for filing a civil rights case in federal court differ from a habeas case, including the payment of a $350.00 filing fee and a $52.00 administrative fee for a civil rights action (which is paid up front or in installments for indigent prisoners) versus a $5.00 filing fee for a habeas action (which is paid up front or waived for indigent prisoners).   The petitioner may not circumvent those requirements by filing a joint or hybrid action.   Any civil rights claims must be severed and dismissed.

## III.    Conclusion

For the reasons stated, the court concludes that the petitioner's challenge to her ongoing state criminal proceedings and continued confinement in jail is premature and she is not entitled to federal habeas relief at this time. Accordingly, the court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.    The court also **SEVERS** and **DISMISSES WITHOUT PREJUDICE** any civil rights claims.

Before the petitioner may appeal, a certificate of appealability ("COA") must issue.    See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b); Winburn, 956 F.3d at 911-912 (state pre-trial detainee must obtain a COA to appeal the dismissal of a § 2241 petition).    A COA may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right."    28 U.S.C. § 2253(c)(2).    When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong.    Slack v. McDaniel, 529 U.S. 473, 484-485 (2000).    When a court denies relief on procedural grounds, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court

was correct in its procedural ruling.   Id.   The petitioner makes no such

showing.   Reasonable jurists would not find the court's procedural ruling

debatable.   Accordingly, the court **DENIES** a COA.

Lastly, the court concludes that an appeal from this decision cannot

be taken in good faith.   See Fed. R. App. P. 24(a).   Accordingly, the court

**DENIES** leave to proceed in forma pauperis on appeal.   This case is

closed.

**IT IS SO ORDERED**.

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:   July 31, 2023

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 31, 2023, by electronic and/or ordinary mail and also on
Sophia Quill, 2023-00003222, Wayne County Jail,
570 Clinton Street, Detroit, MI 48226.

s/Mike Lang
Deputy Clerk

- 11 -